# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,        )
                                 )
      Plaintiff,          )
                                 )
      v.                 )     Cr. ID. No. 1203020401
                                 )
IZIAH ASHLEY,           )
                                 )
      Defendant.      )

Submitted: May 19, 2016
Decided: June 15, 2016

Upon Commissioner's Report and Recommendation That
Defendant's Motion for Postconviction Relief
Should be Denied

**ADOPTED**

## ORDER

This 15th day of June, 2016, the Court has considered the Commissioner's Report and Recommendation, Defendant's Motion for Postconviction Relief, and the relevant proceedings below.

On December 9, 2014, Defendant Iziah Ashley filed a *pro se* motion for postconviction relief. Subsequently, Defendant was assigned counsel. The motion was referred to a Superior Court Commissioner in accordance with 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62 for proposed findings of fact and conclusions of law. On November 30, 2015, Defendant filed an Amended Motion

for Postconviction Relief. After the amended Rule 61 motion was submitted, the Commissioner enlarged the record by directing Defendant's Trial Counsel to submit an Affidavit responding to Defendant's ineffective assistance of counsel claims. Defendant's Trial Counsel submitted an Affidavit on January 19, 2015. On February 20, 2016, the State filed a response to the Defendant's Amended Motion for Postconviction Relief. On March 11, 2016, Defendant filed a Reply Brief in support of his Amended Motion for Postconviction Relief. On April 8, 2016, the Commissioner issued the Report and Recommendation. The Commissioner recommended that Defendant's Motion for Postconviction Relief be denied.

"Within ten days after filing of a Commissioner's proposed findings of fact and recommendations . . . any party may serve and file written objections."[1] On April 13, 2016, Defendant requested an extension to file written objections to the Commissioner's Report and Recommendation. On April 29, 2016, Defendant filed an Appeal from Commissioner's Findings. On May 2, 2016, the State requested an extension to file a response to the Defendant's Appeal from Commissioner's Findings. On May 19, 2016, the State filed a response to the Defendant's Appeal from Commissioner's Findings.

---

[1] Super. Ct. Crim. R. 62(a)(5)(ii).

The Court has considered the Commissioner's Report and Recommendation as well as Defendant's Appeal from Commissioner's Findings, and the State's response. The Court holds that the Commissioner's Report and Recommendation dated April 8, 2016, should be adopted for the reasons set forth therein. The Commissioner's findings are not clearly erroneous, are not contrary to law, and are not an abuse of discretion.[2]

**THEREFORE,** the Court hereby accepts the Commissioner's Report and Recommendation in its entirety.

**IT IS SO ORDERED.**

The Honorable Mary M. Johnston

---

[2] Super. Ct. Crim. R. 62(a)(4)(iv).